IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELROY L. WABASHAW, | |
| Petitioner, | 8:24CV312 |
| vs. | |
| JAMES JANSEN, OCC; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Petitioner Elroy L. Wabashaw's ("Wahashaw") Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254, a Motion to Withdraw that petition filed on October 31, 2024, Filing No. 7, and a Motion to Withdraw the Prior Motion to Withdraw filed on November 12, 2024, Filing No. 8. Wabashaw initially requested to withdraw his petition to exhaust an unspecified state court remedy, Filing No. 7, but later moved to withdraw his prior request to withdraw his petition as a return to state court would be "legally futile," Filing No. 8. Upon consideration, Wabashaw's Motion to Withdraw his Prior Motion to Withdraw, Filing No. 8, is granted, and the initial Motion to Withdraw, Filing No. 7, is denied as moot. The Court will now conduct a preliminary review of Wabashaw's habeas petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

For the reasons discussed below, it appears Wabashaw's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Wabashaw to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations.

## I. BACKGROUND

In his petition, Wabashaw states he was convicted after a jury trial in the Knox County District Court of robbery and use of a firearm to commit a felony and was sentenced as a habitual offender on May 2, 2006, to 22 to 26 years' imprisonment, meaning he would serve a mandatory 20-year sentence before earning statutory good time and parole eligibility. Filing No. 1 at 1, 26–27. On October 26, 2007, the Nebraska Supreme Court affirmed Wabashaw's convictions and sentences on direct appeal. *Id*. at 2; *see also State v. Wabashaw*, 740 N.W.2d 583 (Neb. 2007).

Wabashaw's first motion for postconviction relief was denied following an evidentiary hearing, and the Nebraska Court of Appeals affirmed the denial on November 17, 2009. Filing No. 1 at 4; *see also State v. Wabashaw*, No. A-08-1334, 2009 WL 3844494 (Neb. Ct. App. Nov. 17, 2009). Wabashaw filed a second and third motion for postconviction relief, both of which were denied and affirmed on appeal on or about October 17, 2012, and January 6, 2014. Filing No. 1 at 5–6; *see State v. Wabashaw*, No. A-16-251, 2017 WL 1323965, at *1 (Neb. Ct. App. Apr. 11, 2017) (discussing procedural history of Wabashaw's state postconviction proceedings). Though not alleged in the petition, Wabashaw also filed a petition for writ of error coram nobis and a motion for new trial, both of which were denied and affirmed on appeal on or about April 27, 2015, and April 11, 2017. *See State v. Wabashaw*, 2017 WL 1323965, at *1–*2. Wabashaw also filed a petition for a writ of habeas corpus in the Knox County District Court in May of 2023, which the state district court denied on August 23, 2023. Filing No. 1 at 7, 17–25, 42–44. Wabashaw appealed the denial, and the Nebraska Court of Appeals summarily affirmed on March 12, 2024. *Id*. at 45.

Wabashaw filed his habeas petition on August 12, 2024, and this Court's records reflect that this is Wabashaw's first attempt at federal habeas corpus relief with respect to these convictions. Liberally construed, Wabashaw claims he was denied due process where a legal prior conviction was excluded for purposes of his habitual criminal offender sentencing enhancement and his conviction violates Article One of the Fort Laramie 1868 Treaty. *Id*. at 6, 8.

## II. DISCUSSION

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

3

In the present case, it appears from the face of the petition that Wabashaw's claim is barred by the statute of limitations because the petition was filed more than one year after Wabashaw's judgment became final.  See 28 U.S.C. § 2244(d)(1).  Wabashaw's conviction became final on January 24, 2008, which is ninety days after the Nebraska Supreme Court affirmed Wabashaw's convictions and sentences on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from January 24, 2008, and Wabashaw had until January 24, 2009, to file his habeas petition.  Wabashaw did not file his habeas petition in this Court until August 12, 2024, more than fifteen years after the limitations period expired.  Thus, absent sufficient tolling or an equitable exception, any claims related to Wabashaw's convictions or sentences are barred by the statute of limitations.

Though the statute of limitations is tolled while a state postconviction or other collateral review is pending, Wabashaw's state postconviction proceedings concluded in January 2014 and the denial of his motion for new trial was upheld on appeal on April 11, 2017.  *State v. Wabashaw*, 2017 WL 1323965.  Even if the Court assumes Wabashaw is entitled to tolling of the limitations period until that 2017 date, his federal habeas petition is still likely untimely by over seven years.  The state petition for a writ of habeas corpus

4

Wabashaw filed in May 2023 would not toll the limitations period as it was filed six years after the conclusion of his state postconviction and collateral review on April 11, 2017.

Accordingly,

IT IS ORDERED that:

1. Wabashaw's Motion to Withdraw his Prior Motion to Withdraw, Filing No. 8, is granted, and his Motion to Withdraw, Filing No. 7, is denied as moot.

2. Wabashaw is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations. Failure to respond to this order will result in dismissal of this action with prejudice and without further notice to Wabashaw for the reasons explained above.

3. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **December 19, 2024**: check for response to show cause order.

Dated this 19th day of November, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge