IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ELROY L. WABASHAW,

                            Petitioner,

            vs.

JAMES JANSEN, OCC;

                            Respondent.

8:24CV312

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Elroy L. Wabashaw's ("Wabashaw" or "Petitioner") "Motion Opposing Dismissal," Filing No. 10, which the Court construes as his response (the "Response") to the Court's November 19, 2024, Memorandum and Order, Filing No. 9, requiring Wabashaw to show cause why this case should not be dismissed because it is barred by the statute of limitations (the "Show Cause Order").  For the reasons that follow, the Court determines Wabashaw has failed to show cause and this matter should be dismissed with prejudice because the petition is barred as untimely.

**I.  BACKGROUND**

Wabashaw was convicted after a jury trial in the Knox County District Court of robbery and use of a firearm to commit a felony and was sentenced as a habitual offender on May 2, 2006, to 22 to 26 years' imprisonment, meaning he would serve a mandatory 20-year sentence before earning statutory good time and parole eligibility.  Filing No. 1 at 1, 26–27.  On October 26, 2007, the Nebraska Supreme Court affirmed Wabashaw's convictions and sentences on direct appeal.  *Id*. at 2; *see also State v. Wabashaw*, 740 N.W.2d 583 (Neb. 2007).  Wabashaw pursued various forms of postconviction relief, the

bulk of which were concluded by 2017.  *See* Filing No. 9 at 2 (discussing Wabashaw's postconviction procedural history).

As relevant here, Wabashaw also filed a petition for a writ of habeas corpus in the Knox County District Court in May of 2023, arguing that his habitual offender sentence was void in violation of his Fourteenth Amendment due process rights because a valid 1978 or 1979 conviction for aggravated assault had not been included as one of the two prior felony offenses used to enhance his convictions under the Nebraska habitual criminal statue, Neb. Rev. Stat. § 29-2221(1).[1] Filing No. 1 at 17–25.  Instead, two robbery convictions from 1977 and 1988, respectively, were used to enhance his sentence.  *Id*. at 20, 35.  The state district court denied Wabashaw's state habeas petition on August 23, 2023.  *Id*. at 42–44.  Wabashaw appealed the denial, and the Nebraska Court of Appeals summarily affirmed on March 12, 2024.  *Id*. at 45.

Wabashaw filed his habeas petition in this Court on August 12, 2024, and raised the same due process claim based on the exclusion of the legal prior conviction for purposes of his habitual criminal sentencing enhancement (hereinafter "habitual sentencing claim"), as well as a claim that his conviction violates Article One of the Fort Laramie 1868 Treaty.  *Id*. at 6, 8.

---

[1] Section 29-2221(1) provides, in relevant part:

> Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States or once in this state and once at least in any other state or by the United States, for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal and shall be punished by imprisonment in a Department of Correctional Services adult correctional facility for a mandatory minimum term of ten years and a maximum term of not more than sixty years . . . .

Neb. Rev. Stat. § 29-2221(1).

## II.  DISCUSSION

As the Court previously found in the Show Cause Order, absent sufficient tolling or an equitable exception, any claims related to Wabashaw's convictions or sentences are barred by the statute of limitations because the petition was filed more than one year after Wabashaw's judgment became final on January 24, 2008.  Filing No. 9 at 4 (citing 28 U.S.C. § 2244(d)(1)).  In his Response, Wabashaw argues that "28 U.S.C. § 2244(d) cannot apply to dismiss [his] habeas corpus" petition because "[j]urisdiction can be raised at anytime [sic]."  Filing No. 10 at 1.  Wabashaw contends that the sentencing judge "lost jurisdiction when the judge accepted a stipulation by the county prosecutor and [Wabashaw's] lawyer, by-passing, excluding, a legal prior conviction for purposes of his habitual criminal offender sentencing enhancement" in violation of Wabashaw's due process rights.  *Id*. at 1–2.  In essence, Wabashaw argues the merits of his habitual sentencing claim should excuse any procedural bar of the statute of limitations.  Such argument, however, fails.

As an initial matter, although Wabashaw characterizes his habitual sentencing claim as a due process violation, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  *Carson v. Director of the Iowa Dep't of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir. 1998) (quotation omitted).  Wabashaw's habitual sentencing claim rests on his interpretation of the Nebraska habitual criminal statute, Neb. Rev. Stat. § 29-2221(1), as requiring prior convictions be used in chronological order for sentence enhancement purposes.  This is an issue of pure state law and not the proper subject of federal habeas relief.  *See Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) ("errors of state law are not cognizable in federal habeas courts").  As such, the Court

concludes Wabashaw's state-law error claim cannot operate to excuse the application of the statute of limitations bar in 28 U.S.C. § 2244(d).

Liberally construed, Wabashaw's argument may be understood as asserting an actual innocence claim based on the trial court's alleged lack of jurisdiction to sentence him as a habitual criminal.  In *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.  However, the Court has found no authority to support such an application of the actual innocence exception and concludes that Wabashaw's argument, at most, presents only a claim of legal innocence, not factual innocence.  *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir.), *cert. denied*, 143 S. Ct. 2672, 216 L. Ed. 2d 1245 (2023) (finding "no federal-court case explicitly considering whether lack of jurisdiction establishes factual innocence and holding that it did, while there are a few nonprecedential decisions holding to the contrary") (citing cases); *see also Bousley v. U.S.*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") (citation omitted).

Moreover, as Wabashaw does not dispute the validity of the two robbery convictions that were used to enhance his sentences, any assertion that he is actually innocent for purposes of a habitual sentencing enhancement is inherently faulty and arguably frivolous.  Wabashaw's contention that a different felony conviction should have been used to enhance his sentences only establishes that he had at least three prior felony convictions that potentially could be used for enhancement purposes.  Accordingly,

the Court finds no basis to apply the actual innocence exception to excuse the statute of limitations procedural bar.

Finally, the limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Here, Wabashaw has not presented any arguments to support the application of equitable tolling. The Court has carefully reviewed the petition and record and finds no reason to toll the limitations period or excuse its procedural bar. Thus, Wabashaw's habeas petition is barred as untimely and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Wabashaw is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied and dismissed with prejudice because it is barred by the statute of limitations period set forth in 28 U.S.C. § 2244(d).

2.    The Court will not issue a certificate of appealability in this matter.

3.    A separate judgment will be entered.


Dated this 20th day of June, 2025.

                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge